# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| M.A.C. & ASSOCIATES, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SIEMENS INDUSTRY, INC. and JOHN DOES 1-3., | ) Case No. 3:16-CV-418HTW-LRA ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OF LAW IN SUPPORT OF M.A.C.'S RESPONSE TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW Plaintiff, M.A.C. & Associates, LLC., by and through undersigned counsel and files this Memorandum in Support of its Response to Defendant's Motion for Judgment on the Pleadings and would show unto the court to wit:

### FACTUAL BACKGROUND

In 2012, Siemens and the City of Jackson entered into a Performance Contracting Agreement for the installation of new water meters in the City of Jackson. The total price of the contract was nearly $91,000,000. The contract was subject to the City's EBO program and M.A.C & Associates LLC ("M.A.C.") was one of the subcontractors which allowed Siemens to meet its EBO goals. Prior to entering into the contract with Siemens, M.A.C. submitted a pay application representing the amount that it would cost to complete the job and the standard 12% mark-up.

However, Siemens subsequently changed the figures on the pay application representing that the prices were too high. Siemens represented to M.A.C. that the numbers would "work out" in the end. Also, before entering into the contract M.A.C. submitted all the documentation

requested by Siemens, including a construction license, the company's profile, etc. Relying on Siemens representation in July 2013, Siemens and M.A.C. entered into a subcontract agreement which stated that M.A.C. would have "exclusive control of the manner and means of performing the work in accordance with the requirements of the Subcontract." Shortly after signing the contract with M.A.C., Siemens pulled a subcontractor of M.A.C.'s and gave said subcontract its own direct contract with Siemens violating the exclusive control provision in the contract.

As a result of the aforementioned actions, M.A.C. filed the instant lawsuit alleging several state law claims, such as: Fraudulent Misrepresentation, Fraud in the Inducement, Breach of Contract, Breach of the Implied Duty of Good Faith and Fair Dealings, Negligent, Interference with Business Relations, and a Punitive Damage Claim.

## LEGAL STANDARD

FED. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 509–10 (1990)). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes,* 278 F.3d at 420 (quoting *St. Paul Mercury Ins. Co.,* 224 F.3d at 440 n. 8).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (citing *Voest–Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 (5th Cir. 1998)). "The [district]

court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citing *Fee v. Herndon,* 900 F.2d 804, 807 (5th Cir. 1990)). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones,* 188 F.3d at 324 (citations omitted). As stated below, it is clear that Plaintiff has pleaded valid claims for relief in this matter. Therefore, Plaintiff is entitled to litigate the merits of this case.

## ARGUMENT

However, Siemens has filed this instant motion challenging a large portion of M.A.C.'s claims. Yet, reading said motion, it appears that Siemens does not challenge M.A.C.'s claims for breach of contract. Therefore, at this stage of the litigation, Siemens does not dispute that M.A.C.'s breach of contract claim is a viable claim. But before the Court rules on Siemens' attempt to have M.A.C.'s other claims dismissed, the Court should first note that M.A.C. has moved the Court for leave to amend the complaint. Should the Court grant M.A.C.'s motion, there will be no need to rule on the claims of negligence and gross negligence, because in the Amended Complaint these claims have been dropped. Also, M.A.C.'s claims of fraudulent misrepresentation and fraud by the inducement are being amended to include the names of the representatives of Siemens who made fraudulent and misleading statements, the times the statements were made and the fact that these statements were made to M.A.C. Thus, Siemens' argument that fraud was not plead with the requisite particularity should be moot, if the Amended Complaint is allowed.

Also, once fraud has been adequately plead, Siemens' argument that parol evidence cannot be introduced to contradict the terms of the subcontract fails. In *Byrd v. Rees*, 171 So.2d 864, 867 (Miss. 1965) the Supreme Court held that parol evidence is admissible to contradict contractual agreements affected by fraud. Likewise, the Fifth Circuit has held that parol evidence may be admitted when there is an allegation of fraud or misrepresentation. *Water Craft Management, LLC v. Mercury Marine,* 426 Fed. Appx. 232, 236 (5th Cir. 2011). A merger clause does not ban the use of parol evidence to establish that the contract was induced by fraud. *Dunbar Medical Systems Inc. v. Gammex, Inc.,* 216 F. 3d 441, 452 (5th Cir. 2000).

Accordingly, M.A.C. moves the Court to first decide if M.A.C. should be allowed to amend its complaint before taking up Siemens' Motion for Judgment on the Pleadings. M.A.C. chose not to amend its claims of tortious interference and breach of the implied duty of good faith and fair dealings because these claims are adequately plead. Therefore, M.A.C. will address these claims here.

### **BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALINGS**

In Mississippi, every contract includes an implied covenant of good faith and fair dealings in performance and enforcement. *Cenac v. Murry*, 609 So. 2d 1257 (Miss. 1992)(citing *Morris v. Macione*, 546 So. 2d 969, 971 (Miss. 1989), *UHS-Qualicare v. Gulf Coast Community Hospital*, 525 So. 2d 746, 757 (Miss. 1987), *Blue Cross & Blue Shields of Mississippi, Inc. v. Maas*, 516 So. 2d 495 (Miss. 1987); *Perry v. Sears, Roebuck & Co*., 508 So. 2d 1086, 1089 (Miss. 1987)). The Court in *Cenac*, citing Restatement (Second) of Contracts §205, 100 (1979) stated

> Good faith is the faithfulness of an agreed purpose between two
> parties, a purpose which is consistent with judicial expectation of

> the other party. The breach of good faith is bad faith characterized
> by some conduct which violates standards of decency, fairness or
> reasonableness.

The Court in *Cenac* found that the implied covenant of good faith and fair dealing was breached based on defendant's conduct ("abusive, aberrant, intimidating, harassing behavior which has made their life a living hell"). The same is true here.

Siemens argues that M.A.C.'s claim of good faith and fair dealings must be dismissed because other jurisdictions "confirm that the implied covenant is a separate contract term that requires separate conduct to **prove** a violation. (Emphasis added) (p. 16 of Siemens' Motion). The problem with Siemens' argument is the fact that M.A.C. has not yet put on its proof. Siemens' Motion for Judgment on the Pleadings only tests the legal sufficiency of the claims asserted. M.A.C. has certainly asserted a claim of breach of contract – which Siemens does not challenge. Accordingly, M.A.C. has properly asserted a claim of breach of the implied covenant of good faith and fair dealings since every contract in *Mississippi* contains such a covenant. Clearly if M.A.C. is not successful on its breach of contract claim, its claim of breach of the implied covenant of good faith and fair dealings will, likewise fail. But if M.A.C. successfully proves its breach of contract claim, the jury will have to consider whether there is sufficient proof to find that the implied duty of good faith and fair dealings has been breached. But at this stage of the litigation, M.A.C. has sufficiently stated a claim for relief for its claim of breach of the implied duty of good faith and fair dealings and Siemens' motion as to this claim must be denied.

### INTERFERENCE WITH BUSINESS RELATIONS

The Supreme Court in *Cenac v. Murray, supra*, also reviewed the tort of interference with business relations. In examining the history of this tort, the Court concluded that "a cause

of action exists when one engages in some act with a malicious intent to interfere and injures the business of another, and injury does in fact result. *Id.* at 1269. Here, M.A.C. has alleged that its subcontract with Siemens was to perform construction, sewer repair work, O&M work and water meter installation work, digging and plumbing. But in spite of its subcontract, Siemens acted with a malicious intent to interfere and injure M.A.C.'s business with Siemens. Siemens not only breached its subcontract with M.A.C. by contracting construction work away from M.A.C., but when Siemens entered into a separate contact with Pedal Valve, Inc. for Pedal Valve to handle part of the construction on the project, Siemens engaged in an act which interfered and injured M.A.C.'s business in the following ways: (1) M.A.C. no longer had control over the construction phase of the contract, which allowed Pedal Valve to steal M.A.C.'s trained workers, (2) the interference allowed Pedal Valve to perform subpar work and caused M.A.C. to spend its profits to repair this subpar work and (3) Siemens kept M.A.C. from having the contingency fund, which also prevented M.A.C. from being paid for work it performed. Of course, these are M.A.C.'s allegations, which M.A.C. will have to prove at the appropriate time, but these allegations are more than sufficient to state a claim upon which relief may be granted. Thus, Siemens' Motion for Judgment as to interference of a business relations must be denied.

## **CONCLUSION**

M.A.C. respectfully moves the Court to rule on its Motion to Amend the Complaint before ruling on Siemens' Motion for Judgment on the Pleadings. The proposed Amended Complaint, does not allege negligence or gross negligence which means M.A.C. concedes that these are not viable claims. To the extent the claims of fraud are not adequately pleaded, the proposed Amended Complaint attempts to allege fraud with the requisite particularities. There is no challenge to the breach of contract claim, and M.A.C. has responded to Siemens' attempt to

dismiss the claims of implied duty of good faith and fair dealing and interference with business relations. Accordingly, M.A.C. moves the Court to deny Siemens' Motion for Judgment on the Pleadings.

**Respectfully submitted,**

M.A.C. & Associates, LLC

/s/ Robert L. Gibbs
Robert L. Gibbs

OF COUNSEL:
Robert L. Gibbs, MSB No. 4816
Tujuana S. McGee, MSB No. 104263
Ariana N. Gibbs, MSB No. 105287
**GIBBS TRAVIS PLLC**
1400 Meadowbrook Road, Suite 100
Jackson, Mississippi 39211
Telephone: 601-487-2640
Facsimile: 601-366-4295
rgibbs@gibbstravis.com
tmcgee@gibbstravis.com
agibbs@gibbstravis.com

**Certificate of Service**

The undersigned hereby certifies that a true copy of the foregoing was duly served upon all known counsel of record, this the 29th day of November, 2016, and upon all parties registered with the Court's electronic filing system by operation of the Court's EFC system.

This the 29th day of November, 2016.

/s/ Robert L. Gibbs
Robert L. Gibbs