**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**Case No. 3:16-CV-418HTW-LRA**

**M.A.C. & ASSOCIATES, LLC,**

       **Plaintiff,**

**v.**

**SIEMENS INDUSTRY, INC. and JOHN DOES 1-3,**

       **Defendants.**

**CONFIDENTIALITY AGREEMENT AND CONSENT PROTECTIVE ORDER**

Plaintiff M.A.C. & Associates, LLC (MAC) and Defendant Siemens Industry, Inc. (Siemens) enter into this Confidentiality Agreement and Consent Protective Order.

1. <u>Agreements.</u>

    a. Plaintiff and Defendant (collectively, the "Parties"), and non-parties will be exchanging documents and information solely because they are involved in the above-captioned litigation.

    b. The Parties agree that all information exchanged will be used only for purposes of this particular litigation and for no other purpose.

    c. The Parties also acknowledge that it is likely that they and non-parties will produce in this litigation information that is confidential or proprietary.

    d. Due to the nature of this case, this Protective Order is necessary to ensure proper and efficient conduct of this action and to protect the Parties' and non-parties' respective commercial interests in proprietary, marketing and commercial information. Specifically, the Parties in this action will need to request and produce information that may contain

proprietary/confidential information, commercial information, sensitive financial information, private health information or private personal information.

e. The disclosure of this information will likely cause the producing Party, or non-parties from whom such information is sought, significant harm if this information is disclosed without the conditions and protections contained herein.

f. The Parties agree that this Order shall apply to and govern the treatment of all information contained in documents, depositions, deposition exhibits, interrogatory answers, responses to requests for production, responses to requests for admission, responses to subpoenas, and other written, recorded, computerized, electronic, or graphic matter, copies, excerpts, or summaries of documents ("Discovery Material") produced by any Party or non-party in this litigation.

g. The Parties and any non-parties may designate Information and Documents that reflect financial, personal, or proprietary business information as "Confidential Information." Any Party or non-party so designating is a "Designating Party."

2. Definitions.

a. "*Confidential*" or "*CONFIDENTIAL*" information is information that the Designating Party in good faith reasonably believes will disclose confidential and nonpublic technical, commercial, financial, personal or business information that would provide others with an unfair competitive or improper advantage, including but not limited to trade secrets. Confidential Information also means an individual's private or personal information which, if disclosed, would violate the privacy rights of that individual.

b. "*Highly Confidential – Attorneys' Eyes Only*" or "*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*" information is information that, if generally disclosed to the opposing Party, the Designating Party reasonably and in good faith believes constitutes (i) trade

secrets, (ii) operating, management or other proprietary agreements, (iii) confidential business ownership information, (iv) business financial records or projections, (v) proprietary information and technical specifications, (vi) confidential strategic business plans and projections, (vii) employee information, or (viii) information that is subject to an express obligation of confidentiality owed by the designating party to a third-party.

    c.    *"Designating Party"* means the party producing or designating information as Confidential under this Stipulated Protective Order.

    d.    *"Receiving Party"* means any party to whom Confidential Information is produced.

    e.    *"Outside Expert"* means an expert who is retained to assist counsel for the Parties.

3.    <u>Designation as "Confidential" or "Highly Confidential."</u>

    a.    All confidential Discovery Material in the form of physical objects or documents shall be designated by stamping or affixing on the face of each document and on each page or portion thereof one of the following two legends: "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (in either lower case or upper case letters) or by designating the material as Confidential or as Highly Confidential - Attorneys' Eyes Only in accompanying correspondence, emails, or similar transmissions.

    b.    All confidential Discovery Material in the form of software or digital material stored on an electronic storage device shall be designated confidential by placing either a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" legend on the device itself, if possible, or by designating the material as Confidential or as Highly Confidential – Attorneys' Eyes Only in accompanying correspondence, emails, or similar transmissions.

c. Testimony given at a deposition or hearing and the resulting transcript may be designated as Confidential or Highly Confidential within thirty (30) days after receipt of a copy of the transcript by advising the opposing party and the stenographer in writing of the specific page and line numbers designated as Confidential or Highly Confidential. Pages of transcribed testimony or exhibits designated as Confidential or Highly Confidential shall be separately bound by the court reporter. All copies of deposition transcripts that contain information or material designated as confidential Discovery Material shall be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the cover of the deposition.

d. A Designating Party who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all Parties.

4. <u>Use and Disclosure of Confidential and Highly Confidential Information.</u>

a. Until or unless the Court rules otherwise, material marked or otherwise designated as Confidential and Highly Confidential shall be maintained in strict confidence by the Parties to whom such material is produced under the terms set forth below.

b. Confidential Information may only be disclosed to:

i. Officers, directors, employees or consultants of the Receiving Party as part of their assistance with preparing, prosecuting or trying the case, but only to the extent necessary to allow them to provide that assistance;

ii. Outside counsel for the respective Parties, including their clerical, litigation support and paralegal employees;

iii. Outside Experts;

iv. Any witness or his or her counsel in preparation for a deposition or otherwise testifying in any proceeding, who shall be provided prior to or at the outset of the deposition, hearing or trial with a copy of the Stipulated Protective Order on record at the deposition. In such instance, the deponent shall be bound by the provisions of the Stipulated Protective Order and shall be informed that the deponent is bound by its terms. Neither a witness nor his or her counsel shall be permitted to retain a copy

of the materials unless otherwise permitted by the terms of this Stipulated Protective Order;

v. The Court reporter, stenographer or video recorder operator retained by any Party to record a deposition or court hearing;

vi. Any outside copy services or litigation support services whose function requires them to have access to material designated as Confidential or Highly Confidential under this Protective Order;

vii. The Court, its personnel, officers, court stenographers, and any other person designated by the court in the interest of justice, upon such terms as the court may deem proper;

viii. Any mediator(s), arbitrator(s), or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter, *provided that*: (a) the mediator(s), arbitrator(s), or special master(s) are appointed by the Court or all parties agree in writing that the mediator(s), arbitrator(s), or special master(s) may serve in that capacity; and

ix. The list of persons to whom Confidential information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Stipulated Protective Order.

c. Highly Confidential Information may only be disclosed to:

i. Outside Counsel (see 4(b)(ii));

ii. Outside Experts (see 4(b)(iii));

iii. Court reporters, stenographers or video recorders (see 4(b)(v));

iv. Any outside copy services or litigation support services (see 4(b)(vi));

v. The Court, its personnel and those persons designated by the Court to view Highly Confidential Information (see 4(b)(vii));

vi. Any mediator(s), arbitrator(s), or special master(s) appointed by the Court or agreed to by the Parties (see 4(b)(viii));

vii. The In-House Counsel of any party charged with oversight of the above styled action; and

viii. Any person who, based on the face of the Highly Confidential document, as established through specific documentary or testimonial evidence or as agreed to by the Designating Party, authored or previously received a copy of said document.

    ix.  The list of persons to whom Highly Confidential information may be disclosed may be expanded or modified by mutual agreement in writing by counsel for the parties to this action without the necessity of modifying this Stipulated Protective Order.

  d.  A Party may not disclose information designated by another Party as Confidential or Highly Confidential to persons allowed to view such materials under Sections 4(b)(i), (iii), (iv), (viii), & (ix) and Sections 4(c)(ii), (vi) & (viii), & (ix) until that person has signed and agreed to the provisions set forth in Appendix A to this Order. Counsel for the party providing such access shall be responsible for obtaining and maintaining the signed agreement.

  e.  Any party may disclose its own Confidential or Highly Confidential information in any manner that it considers appropriate.

  f.  A Party who wishes to disclose information designated as Confidential or Highly Confidential to a person not authorized by this Order to receive it must first make a reasonable attempt to obtain the Designating Party's permission. If the Party is unable to obtain permission, it may move the Court to obtain permission.

5.  <u>Inadvertent Disclosure.</u>

  a.  In the event any Designating Party produces Confidential or Highly Confidential information that has not been correctly designated, the Designating Party may redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information. The parties shall treat such information in accordance with this Stipulated Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation. No proof of error, inadvertence, or excusable neglect shall be required for such redesignation.

b. The inadvertent production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege or protection. Pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, if, during the course of this Civil Action, a Designating Party produces a document or any other piece of information that the Designating Party thereafter claims to be privileged or protected, the Designating Party may give notice to the receiving party in writing, and the parties agree that the document or information will be returned to the Designating Party, and all copies, notes, quotations or summaries thereof will be destroyed within five (5) days.

6. Disputes over Designation(s).

a. If a Party disputes a Designating Party's designation of Discovery Material as Confidential or Highly Confidential, the Party shall notify the Designating Party in writing of the basis for the dispute (the "Objection"), identifying the specific Discovery Materials and designations which are disputed and proposing a new designation for such Materials. The objecting Party and the Designating Party shall then meet and confer to attempt to resolve the Objection without involvement of the Court.

b. If the Parties cannot resolve the Objection within fourteen (14) days of when the Objection was served on the Designating Party, the objecting Party may then file a motion to re-designate the Discovery Materials in dispute. The Designating Party bears the burden of proving that the Discovery Materials are properly designated as Confidential or Highly Confidential. The Discovery Materials shall remain subject to the Designating Party's Confidential or Highly Confidential designation until the Court rules on the dispute.

c. If the Party challenging the designation of the Discovery Materials does not file a motion challenging the designation of the Discovery Materials, the designated Materials shall continue to be subject to confidential treatment as provided in this Order.

d. A Designating Party's designation of Discovery Materials as Confidential or Highly Confidential or a Party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated, and it is not determinative of whether such Discovery Materials are entitled to be deemed as such.

7. Use of Confidential Material in Pleadings or at Hearing.

a. Filing Under Seal – Court administrators are directed to maintain the confidentiality of all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed that have been designated, in whole or in part, as Confidential or Highly Confidential, by any Designating Party, consistent with the sealing requirements of the court.

b. When any Discovery Material designated as Confidential or Highly Confidential is filed with the court under seal, the filing Party shall the same day email a copy of all materials so filed to counsel of record for the opposing party.

c. Discovery Materials designated as Confidential or Highly Confidential may be used in a filing before any special discovery master in accordance with the preferences of that special discovery master.

d. Discovery Materials designated as Confidential or Highly Confidential may be offered into evidence at trial or hearing on preliminary injunction, however, the parties agree to jointly petition the Court to establish procedures to protect such Discovery Materials at trial or hearing before any such trial or hearing is begun.

8. Reasonable Precautions and Storage.

Counsel for each party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any designated Discovery Material. If the party receiving the designated Discovery Material learns of any improper disclosure of designated Discovery

Material, the party's counsel shall attempt to obtain all copies of the disclosed Material and shall inform the party designating the material as Confidential Discovery Material promptly of the disclosure and the circumstances surrounding the disclosure, but no later than three (3) business days after discovery of such disclosure. Confidential and Highly Confidential Discovery Material subject to the terms of this Order shall, when not in use, be stored in such a manner that persons not in the employment or service of those possessing such Confidential Discovery Material will be unlikely to obtain access to it.

9. Document Disposal.

Except as otherwise agreed in writing by the Parties, upon final termination of this action (including all appeals), the Designating Party may demand that the receiving parties destroy all Confidential or Highly Confidential Information designated by the Designating Party within 60 (sixty) days of the demand. Counsel may retain one archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, deposition and trial exhibits, legal memoranda, correspondence, document productions, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain Confidential or Highly Confidential information shall remain subject to this Order.

10. Provision of Legal Advice.

This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any Party client an evaluation in a general way of confidential Discovery Material produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or indirectly, of any confidential Discovery Material produced herein, which disclosure would be contrary to the terms of this Order.

11. <u>Joinder of Parties.</u>

This Order shall be binding upon any party joined in the litigation unless and until the Court, pursuant to a request by the joined party or on its own accord, orders that the joined party is not subject to the terms of the Order.

12. <u>Survival of Obligations.</u>

This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

13. <u>No Waiver.</u>

Nothing in this Order prevents a Party from disclosing its own documents and information as it sees fit. Any use or discussion of confidential Discovery Material shall not be deemed a waiver of the terms of this Order.

14. <u>Production of Information Pursuant to Process.</u>

If confidential Discovery Material in the possession, custody, or control of a receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving Party to whom the process or discovery request is directed shall within five (5) business days after receipt thereof, give written notice of such process or discovery request together with a copy thereof, to counsel for the Designating Party. The Designating Party may move against the subpoena or other process, or otherwise oppose entry of any order by a court of competent jurisdiction compelling production of the confidential Discovery Material. If the Designating Party objects or moves against the subpoena or other process, the Party receiving the subpoena or process shall not produce

confidential Discovery Material before the actual due date for compliance, and shall not object to or interfere with any effort by the Designating Party to seek a prompt judicial determination of the Designating Party's motion or objection before compliance is required. The obligations stated in this paragraph shall not apply if a law enforcement agency requests that a subpoena or other form of discovery request or compulsory process not be disclosed.

15. <u>Not an Admission.</u>

Nothing in this Order or done by the parties pursuant to this Order shall constitute an admission by the party, or shall be used as evidence, that information designated as Confidential or Confidential –Attorneys' Eyes Only is actually confidential Discovery Material. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any confidential Discovery Material, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

Stipulated and agreed to on March 17, 2017 by:

| | |
|---|---|
| /s/ Robert L. Gibbs | /s/ Walter T. Johnson |
| Robert L. Gibbs (MSB No. 4816) | Walter T. Johnson (MSB No. 8712) |
| Tujuana S. McGee (MSB No. 104263) | WATKINS & EAGER PLLC |
| Gibbs Travis PLLC | 400 East Capitol Street (39201) |
| 1400 Meadowbrook Rd., Suite 100 | Post Office Box 650 |
| Jackson, Mississippi 39211 | Jackson, Mississippi 39205 |
| Telephone: (601) 487-2640 | Telephone: (601) 965-1900 |
| Facsimile: (601) 366-4295 | Facsimile: (601) 965-1901 |
| Email: rgibbs@gibbstravis.com | Email: wjohnson@watkinseager.com |
| Email: tmcgee@gibbstravis.com | |
| | Andrew S. Chamberlin (*pro hac vice*) |
| *Counsel for Plaintiff* | ELLIS & WINTERS, LLP |
| | 300 North Greene St., Suite 800 |
| | Greensboro, N.C. 27401 |
| | Telephone: (336) 217-4195 |
| | Facsimile: (336) 217-4198 |
| | Email: andrew.chamberlin@elliswinters.com |
| | |
| | *Counsel for Defendant* |

**SO ORDERED,** this the 20th day of March, 2017.

_____ S/ Linda R. Anderson_____
UNITED STATES MAGISTRATE JUDGE